United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WESTERN PROGRESSIVE, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE M ROBLES, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-01692-BLF<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: ECF 41] |

　　　　Defendant United States of America ("United States") has moved for the entry of default judgment in favor of itself and against the following Defendants: Jose M. Robles, individually ("Robles"); Santa Clara, Department of Child Support Services ("SCDCSS"); Cal West Group, a trust, Carlos Velasquez and Jose Robles Co-Trustees ("Cal West"); Moonlight Group Trust, Co-Trustee Jose M. Robles ("Moonlight"); and Encompass Insurance Company ("Encompass") (collectively, "Requested Default Defendants"). ECF 41. Defendant Progressive Marathon Insurance Company, as subrogee of Edward Rodriguez ("Marathon Insurance") filed a Statement of Non-Opposition to the motion. ECF 43.

　　　　Finding this matter suitable for submission without oral argument, the Court VACATES the hearing set for December 10, 2015. For the reasons set forth below, the Court GRANTS the United States' motion for default judgment against the Requested Default Defendants.

## I. BACKGROUND

On February 18, 2015, Plaintiff Western Progressive LLC commenced this interpleader action by filing a complaint in state court. *See* Compl., ECF 1-1. Plaintiff seeks to resolve competing claims to an undistributed surplus of $89,510.94[1] from a trustee's sale of Defendant Robles' real property following his default on a loan. Compl. ¶ 17.

Plaintiff alleges that Defendant Robles is the former owner of real property located at 5796 Pontiac Drive, San Jose, CA. *Id.* ¶ 2, 13. On or about August 3, 2005, Robles borrowed a principal amount of $425,000 from Countrywide Bank, secured by a Deed of Trust. *Id* ¶ 14. On or about August 18, 2014, Plaintiff, the duly-appointed trustee of the Deed of Trust, held a foreclosure sale and sold the property for $565,000. *Id.* ¶¶ 15, 17. At the time of the sale, the amount of unpaid debt totaled $475,489.06. *Id.* ¶ 17. The sale resulted in the surplus of $89,510.94 at issue. *Id*.

Plaintiff interpleaded the United States, Requested Default Defendants, Marathon Insurance, City of San Jose ("San Jose"), and State of California Employment Development Department ("CEDD") (together, "Defendants"). Plaintiff alleges that it is a disinterested stakeholder but that it incurred $4,230.00 in attorneys' fees and costs, which it asks the Court to deduct before the surplus funds are deposited with the Court. *Id.* ¶¶ 22, 23.

The United States removed the action on April 14, 2015. *See* Petition for Removal, ECF 1. The United States filed an Answer on April 22, 2015. ECF 5. The United States claims an interest of $67,071.78[2] of the interpled funds by virtue of a Notice of Federal Tax lien filed April 30, 2015, securing the federal tax liabilities Robles owes for the unpaid employment taxes of his sole

---

[1] The United States' Motion lists the amount at issue as $83,240.94. Memorandum in Support of Mot., ECF 42 at 8. However, the surplus funds remaining from the sale total $89,510.94. Compl. ¶ 17. The Court refers to the total surplus as the interpled amount without determining any distribution of funds as that question is not currently before the Court. Should default judgment be entered, the United States and Marathon Insurance intend to file a Stipulated Request for Distribution pursuant to their respective interests in the interpled funds. *See* Memorandum at 8.

[2] The United States asserts that the Notice of Tax Lien was properly recorded in Santa Clara County, CA, where the real property is located. Memorandum ¶ 4. However, the Notice of Tax Lien lists a total of $67,021.78, $50 less than the United States claims. *See* Mot., Exh. 1 at 2. Furthermore, in its Answer, the United States claimed an interest of $68,615.82 as of May 31, 2015. *See* United States Answer, ¶¶ 9, 10. The Court need not determine the amount the United States requests or to which it is entitled, as those issues are not before the Court on this motion.

proprietorship, J.M. Robles Landscaping. *See* Mot., Exh. 2-18, ECF 41-1.

Marathon Insurance filed an Answer on August 17, 2015. ECF 32. Marathon Insurance claims an interest in the interpled funds by virtue of a recorded judgment in the approximate amount of $10,768.19 as of August 19, 2015. *Id.* ¶ 9.

San Jose and CEDD both filed Disclaimers of Interest on July 6, 2015 and August 6, 2015, respectively. ECF 17, 31.

Each of the remaining Defendants—the Requested Default Defendants—was served with a copy of the complaint and summons, along with other documents identified in the proof of service (together, "Documents"), but failed to answer or otherwise plead. Robles was served personally, ECF 11, and Cal West and Moonlight were also served through personal service to Robles as Co-Trustee of both, ECF 7, 12. SCDCSS was served by personal service of a copy of the Documents to its attorney, as well as via first-class mail. ECF 9. Encompass was served by delivery of a copy of the Documents to an individual authorized to accept service of process. ECF 10.

Based on the United States' Requests for Entry of Default, *see* ECF 20, 22, 24, 26, 28, the Clerk filed Notices of Entry of Default against each Requested Default Defendant on August 18, 2015. *See* ECF 34 (SCDCSS); 35 (Cal West); 36 (Robles); 37 (Moonlight); 38 (Encompass). The United States now seeks entry of default judgment against the Requested Default Defendants. Mot. at 1.

**II.    LEGAL STANDARD**

In considering whether to enter a default judgment, a district court first must determine whether it has jurisdiction over the case. *See In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999). Next, the Court must "assess the adequacy of the service of process on the party against whom default is requested." *Walters v. Statewide Concrete Barrier, Inc., No.* C-04-2559 JSW MEJ, 2006 WL 2527776, at *2 (N.D. Cal. Aug. 30, 2006). Pursuant to Federal Rule of Civil Procedure 55(b), a court may then grant default judgment against a defendant who has failed to plead or otherwise defend an action.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F. 2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, a district court

3

considers seven factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ("Eitel factors"): (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. In considering these factors after a clerk's entry of default, the court takes all well-pleaded factual allegations in the complaint as true, except those with regard to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Plaintiff originally brought this interpleader action in California state court. *See* Compl. The United States then removed the case to this Court because its claim to the interpleader funds is based on a federal tax lien. *See* Petition for Removal, ECF 1.

Accordingly, the Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 2410 (granting concurrent federal and state court jurisdiction to any interpleader with respect to property on which the United State has a lien). *See Island Title Corp. v. Bundy,* 488 F. Supp. 2d 1084, 1090 (D. Haw. 2007).

#### B. Service of Process

The Court must next assess whether service of process was sufficient against the Requested Default Defendants.

With respect to Robles, Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." California law allows for personal service. Cal. Code of Civ. Pro. § 415.10. Accordingly, service upon Robles was proper. *See* ECF 11.

With respect to Cal West, Moonlight, and Encompass, Federal Rule of Civil Procedure 4(h) provides for service of a corporation, partnership, or association through any agent authorized to receive service of process. Cal West and Moonlight were served through personal service of

Robles, a trustee of both entities, as an agent authorized to receive service of process. ECF 7, 12. Encompass was also served through personal service to an individual authorized to accept service of process. ECF 10. Accordingly, service upon Cal West, Moonlight, and Encompass was proper.

With respect to Santa Clara Child Support Services, Federal Rule of Civil Procedure 4(j)(2)(B) provides for service of any state-created governmental organization "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." California law provides for service of the state or any of its agencies by leaving a copy at the "usual mailing address . . . with the person who is apparently in charge thereof and by thereafter mailing a copy of the summons and complaint by first-class mail." Cal. Code Civ. Pro. 415.20. The individual must also be over 18 years of age and be informed of the contents of the documents being served. *Id.* Santa Clara Child Support Services was served with a copy of the Documents by personal service to its attorney at the Department's address, as well as by first-class mail. ECF 9. Accordingly, service upon Santa Clara Child Support Services was proper.

### C. *Eitel* Factors

Having determined that it has jurisdiction over the case and that service was proper, the Court must finally consider the *Eitel* factors to determine whether or not to enter default judgment against the Requested Default Defendants. "As a general rule, after properly effecting service of process in an interpleader action, a named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the *res* forfeits any claim of entitlement that might have been asserted." *Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *2 (N.D. Cal. Feb. 12, 2013).

The Court finds that, on balance, the *Eitel* factors weigh in favor of granting default judgment. First, Plaintiff would suffer prejudice if the Court did not enter default judgment against the Requested Default Defendants because it would be denied the finality of judgment sought through this interpleader action. *California Reconveyance Co. v. United States*, No. CIVS07-0774 WBS EFB, 2007 WL 2815031, at *2 (E.D. Cal. Sept. 24, 2007) (citing *Aetna Life Ins. Co. v. Bayona,* 223 F.3d 1030, 1034 (9th Cir.2000).

The second and third factors—the merits of Plaintiff's claim and the sufficiency of the

5

Complaint—also weigh in favor of default judgment. Together, these factors require "plaintiffs' allegations [to] state a claim on which the [plaintiff] may recover." *Kloepping v. Fireman's Fund,* No. 94–cv–2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb.13, 1996); *see also Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir.1978). The primary purposes for an action in interpleader are "(1) to protect the party depositing the funds with the court from secondary, follow-up actions and (2) to protect the resources of the interpleading party." *Trustees of ILWU-PMA Pension Plan* 2013 WL 556800 at *2. Accepting Plaintiff's allegations in the Complaint as true, the Court finds that Plaintiff has stated a claim upon which it may recover, as resolution of the Defendants' rights to the surplus funds will protect the Plaintiff from multiple liability. *Id*. While the facts as pled also reveal that the Request Default Defendants have potential claims to the surplus funds, those defendants have failed to pursue their claims by failing to answer the complaint or otherwise appear. *See California Reconveyance,* 2007 WL 2815031 at *2. Therefore, the second and third *Eitel* factors weigh in favor of entering default judgment.

The fourth *Eitel* factor—the sum of money at stake in the action—is neutral in interpleader actions. *Trustees of ILWU-PMA Pension Plan*, 2013 WL 556800 at *2.

The Court finds that the fifth *Eitel* factor—the possibility of a dispute concerning material facts—weighs in favor of entering default judgment. The Request Default Defendants have made no effort to challenge the interpleader complaint. Therefore, there is nothing on the record before the Court to suggest that a factual dispute exists. *Id.*

The sixth factor—whether the default was due to excusable neglect—also weighs in favor of entering default judgment. "It is unlikely that the defendant's failure to answer, and the resulting defaults entered by the clerk, were the result of excusable neglect where the plaintiff effectuated service on the defendant via . . . a method permitted by law." *Id* (internal citations omitted).

Finally, while public policy favors decisions on the merits, Requested Default Defendants' failure to defend this action renders a decision on the merits "impractical, if not impossible." *Id.* (citing *PepsiCo, Inc. v. California Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal.2002)). Thus, the seventh factor weighs in favor of entering default judgment.

In sum, the Court finds that the *Eitel* factors weigh in favor of entering default judgment

against Requested Default Defendants. Accordingly, the Court GRANTS the motion for default judgment against Robles, Santa Clara Child Support Services, Cal West, Moonlight, and Encompass.

**IT IS SO ORDERED.**

Dated:  December 7, 2015

_____
BETH LABSON FREEMAN
United States District Judge